# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMUNITY VOCATIONAL SCHOOLS OF PITTSBURGH, INC.**, a corporation, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**MILDON BUS LINES, INC.,** a Pennsylvania corporation,<br><br>Defendant/ Third Party Plaintiff,<br><br>v.<br><br>**CAROLINE ABRAHAM** and **JOEL ABRAHAM**,<br><br>Third Party Defendants. | CIVIL ACTION NO. 09-1572 |

## MEMORANDUM OPINION

Conti, Chief District Judge

Pending before the court is a motion for reconsideration and brief in support thereof filed by the plaintiff Community Vocational Schools of Pittsburgh, Inc. ("Community Vocational Schools") on March 12, 2018. (ECF Nos. 120, 122.) On March 21, 2018, defendant Mildon Bus Lines, Inc. ("Mildon") filed a response to the motion for reconsideration. (ECF No. 126.) As set forth below, the court finds that Community Vocational Schools did not meet the standard for granting reconsideration, and therefore, the motion will be denied.

**I.   Background**

On February 9, 2018, this court granted Mildon's motion for summary judgment. (ECF No. 115.) In the court's memorandum opinion issued the same day, (ECF No. 114), the court

concluded that Community Vocational Schools did not have standing and, even if it did, a reasonable jury could not render a verdict in its favor. Specifically, after engaging in an in-depth discussion of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005 ("TCPA"), 47 U.S.C. § 227, the court found: (1) Community Vocational Schools failed to proffer sufficient evidence that it had sustained either a concrete or particularized injury; and (2) there was insufficient evidence from which a reasonable jury could find that the facsimile machine of Business to Business Solutions ("B2B") was used on behalf of Mildon to send one or more faxes of an unsolicited advertisement to Community Vocational Schools' telephone fax machine or to find that a transmission constituting an unsolicited advertisement was received by Community Vocational Schools in violation of the TCPA.

On March 9, 2018, Community Vocational Schools filed a document entitled "Plaintiff's brief in support of its motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e)" but categorized it as a motion in CM/ECF on the docket.[1] Community Vocational Schools filed no other documents that day. On March 12, 2018, Community Vocational Schools filed an *errata* stating that it had filed the wrong document on March 9th. On March 12, 2018, Community Vocational Schools filed a motion, brief, and proposed order.

Community Vocational Schools requests that the court vacate its summary judgment order in favor of Mildon. In describing the standard for a Federal Rule of Civil Procedure 59(e) motion, Community Vocational Schools quoted language from United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003), which provided that it is a "device to relitigate the original issue." (ECF No. 122 at 2.) Community Vocational Schools bases for reconsideration are: 1) the TCPA

---

[1] Community Vocational Schools originally filed a brief rather than a motion, (ECF No. 120); however, recognizing its mistake on March 12, 2018, it filed both, (ECF Nos. 121, 122).

prohibits transmission of unsolicited advertisements by facsimile regardless whether the advertisements are received, seen, read, or understood and 2) the evidence of record does in fact show that B2B sent a fax on behalf of Mildon and that the fax was received by Community Vocational Schools.

**II.    Legal Standard**

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Thus, motions for reconsideration should not relitigate issues already resolved by the court, Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011), and should not be used to advance additional arguments that could have been made earlier, Jacquet v. Warden Fort Dix FCI, 707 F. App'x 124, 126 (3d Cir. 2017). Given a district court's interest in finality, motions for reconsideration should only be sparingly granted. Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

**III.    Discussion**

Community Vocational Schools does not specifically identify under which of Rule 59(e)'s three grounds it is seeking reconsideration; rather, Community Vocational Schools' argument in support of its motion for reconsideration rests on the language found in Fiorelli that the Rule is simply a "device to relitigate the original issue" and "used to allege legal error." (ECF No. 122 at 2.) While true in a sense, a motion for reconsideration is not a vehicle by which

3

to reargue the same claims previously made. Pellicano v. Blue Cross Blue Shield Ass'n, 540 F. App'x 95, 99 (3d Cir. 2013).

Despite Community Vocational Schools' reliance on certain language in Fiorelli, the Court of Appeals for the Third Circuit has made clear that a party seeking reconsideration must show

> at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d 71, 87 (3d Cir. 2017) (quoting Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010)) (alteration in original). Thus, the court must evaluate Community Vocational Schools' motion on these three grounds. First, however, there is the issue of the timeliness of Community Vocational Schools' motion.

**A.  Timeliness**

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "Rule 59(e) is a claim-processing rule, not a jurisdictional rule, so objections based on the timeliness requirement of that rule may be forfeited." Lizardo v. United States, 619 F.3d 273, 276 (3d Cir. 2010).

Community Vocational Schools electronically filed a document in CM/ECF labeled on the docket as a motion for reconsideration on March 9, 2018, the 28th day from the court's entry of judgment; however, the document that was actually filed was a brief with no motion or proposed order attached. Thus, Community Vocational Schools did not file the required motion

or proposed order until March 12, 2018, three days after the deadline. In an *errata*, Community Vocational Schools explained that it had simply filed the incorrect document.

Mildon did not raise the issue of timeliness in its brief in opposition and, as a result, it waived any timeliness argument with respect to Community Vocational Schools' motion filed under Rule 59(e). See Lizardo, 619 F.3d at 276.

**B.    Intervening Change of Law**

Community Vocational Schools does not allege that there has been an intervening change in the law. It also does not reference any decisions reported after this court's memorandum opinion. After a comprehensive search, this court was unable to find any intervening precedential authority. Thus, Community Vocational Schools' motion for reconsideration is not proper on this ground.

**C.    New Evidence**

The second ground for reconsideration is newly discovered evidence. Community Vocational Schools attached two exhibits to its motion for reconsideration.

New evidence is evidence that could not have been submitted earlier because it was not previously available. Howard Hess Dental Labs. Inc., 602 F.3d at 252. Conversely, "[e]vidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." Blystone, 664 F.3d at 416.

Community Vocational Schools does not argue that the two exhibits attached to its motion for reconsideration are "new evidence". Exhibit A consists of documents produced by Verizon to Community Vocational Schools in response to a subpoena duces tecum and an affidavit from the custodian of those records dated September 24, 2010, and Exhibit B is a Declaration of Robert Biggerstaff executed on March 2, 2011, which Community Vocational

5

Schools represents was filed in another case, Siding & Insulation Co. v. Alco Vending, Inc. (ECF No. 122 at 2.) Community Vocational Schools made no representations that it was unable to obtain either of these documents while Mildon's motion for summary judgment was pending before the court, and does not otherwise explain its failure previously to provide these exhibits. Accordingly, there is no basis from which the court can find that this evidence is newly discovered.

Apparently, in order to overcome the "new evidence" requirement, Community Vocational Schools argues judicial notice may be taken of one of its exhibits, Exhibit B. There, however, is nothing in the record to show that the exhibit constitutes "new evidence". Accordingly, Community Vocational Schools' motion for reconsideration is not proper on the ground of new evidence.

**D.      Need to correct clear error of law or fact or to prevent manifest injustice**

This ground may not be used where there is simply a disagreement between the court and the movant. United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). To succeed on a motion for reconsideration on this ground, "'[t]he movants must show that the court overlooked a factual or legal issue that may alter the disposition of the matter, such as when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered." Einhorn v. Kaleck Bros., Inc., 713 F. Supp. 2d 417, 426 (D. N.J. 2010) (quoting Marshak v. Treadwell, Civ. Act. No. 95-3794, 2008 WL 413312, at *5 (D. N.J. Feb. 13, 2008)). A court will only review matters that it overlooked and will not rethink its earlier decision. Weaver v. Conrail, Inc., Civ. Act. No. 09-5592, 2010 WL 2773382, at *4 (E.D. Pa. July 13, 2010). The court commits a clear error of law where "the record cannot support the findings that led to the ruling." Rich v. State, Civ. Act. No. 14–2075, 2018 WL 735195, at *1 (D. N.J. Feb. 6,

2018) (emphasis added). Manifest injustice exists when there is a "direct, obvious, and observable error". Jones Lang Lasalle Ams. Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 313, Civ. Act. No. 16-190, 2017 WL 641763, at *3, n.3 (D. Del. Dec 15, 2017) (internal citation and quotation omitted). A manifest error exists, for example, when co-defendants in materially identical factual and legal circumstances have been differently treated. Keyes v. Lynch, 214 F. Supp. 3d 267, 273-74 (M.D. Pa. 2016).

Community Vocational Schools fails to identify any clear error of fact or law or manifest injustice. Community Vocational Schools simply argues (1) that Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245 (11th Cir. 2015), controls, and (2) Mildon paid for a facsimile advertisement campaign and a PDF was prepared for transmission pursuant to that campaign. Both of these arguments were considered and disposed of in this court's earlier memorandum opinion. Community Vocational Schools' third argument is based on evidence that was not previously filed and is not "new evidence" under Federal Rule of Civil Procedure 59(e), as such, this evidence cannot be considered. (ECF No. 122 at 6-7.) Moreover, Exhibits A and B do not alter the court's conclusion because they are a duplication of the kind of evidence filed previously in opposition to Mildon's motion for summary judgment.

Community Vocational Schools in essence is arguing that a blank or illegible fax would unquestionably be violative of the TCPA. The TCPA creates a private cause of action and makes it unlawful for any person "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" unless the sender and recipient of the unsolicited advertisement are in an established business relationship, the number was provided voluntarily to the recipient by the sender, or the unsolicited advertisement contains a notice meeting the TCPA's enunciated requirements in § 227(b)(2)(D). 47 U.S.C.

§§ 227(b)(1)(C) & (b)(3) (emphasis added). An unsolicited advertisement is "any <u>material advertising the commercial availability or quality of any property, goods, or services which is transmitted</u> to any person without that person's prior express invitation or permission, in writing or otherwise." <u>Id.</u> § 227(a)(5) (emphasis added).

Here, there was insufficient evidence adduced about the content of the fax in issue. To rule in favor of Community Vocational Schools the court would be required to speculate about the content. To assume that a blank fax or garbled fax was an advertisement of the commercial availability or quality of Mildon's goods or services as Community Vocational Schools insists would ignore the plain language of the statute that an advertisement must consist of material about the commercial availability or quality of a property, good, or service. <u>See</u> <u>Susinno v. Work Out World Inc.</u>, 862 F.3d 346, 348-49 (3d Cir. 2017) (internal citation and quotation omitted) (explaining "[a]s in all cases of statutory interpretation, our inquiry begins with the language of the statute and focuses on Congress' intent"); <u>Klein v. Commerce Energy, Inc.</u>, 256 F.Supp.3d 563, 577 (W.D. Pa. 2017) (clarifying a court must construe the TCPA's statutory language "broadly to effect its purpose").

At best, here, there is the possibility of a garbled fax, which no reasonable jury could find was an advertisement. To do so, the jury would need to conclude that the <u>intent</u> to send an advertisement violates the TCPA. This court and Community Vocational Schools disagree about whether the sole evidence of a fax being sent that was intended to be an advertisement, without evidence that the fax sent actually contained an advertisement of the commercial availability or quality of Mildon's goods or services, meets the elements of a claim under the TCPA. This court concludes that an intent to send a facsimile advertisement is not the same thing as actually

8

sending an unsolicited advertisement a/k/a a violative fax. Thus, Community Vocational Schools' motion for reconsideration is not proper on this ground.

## IV. Conclusion

Based upon the foregoing, Community Vocational Schools' motion for reconsideration, (ECF No. 120), will be denied.

An appropriate order will be entered.

Date: April 16, 2018

**BY THE COURT:**

*/s/* Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge