IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMUNITY VOCATIONAL SCHOOLS OF PITTSBURGH, INC., a corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) | No. 09-cv-01572-JFC |
| v. | ) ) | Judge Joy Flowers Conti |
| MILDON BUS LINES, INC., a Pennsylvania corporation, | ) ) ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER AND JUDGMENT

The parties' proposed class action settlement coming before the Court for a fairness hearing on October 8, 2019, at 4:45 p.m., in Courtroom 5A of the United States District Court for the Western District of Pennsylvania, at which all persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's Brief in Support of Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms, **IT IS HEREBY ORDERED THAT:**

1.  This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objection that was filed has been considered and is overruled. Accordingly, this Final Judgment and Order binds all members of the Settlement Class who did not opt out of the Settlement Class.

2.  This Court has jurisdiction over plaintiff, Community Vocational

Schools, Inc. ("Plaintiff"), the members of the Settlement Class, defendant Mildon Bus Lines, Inc. ("Defendant"), Erie Insurance Exchange ("Erie"), and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

## Class Certification

4. On June 25, 2019, pursuant to Federal Rule of Civil Procedure 23 (e), the Court entered an order entitled, "Order Preliminarily Approving Class Action Settlement and Class Notice" (the "Preliminary Approval Order").

5. The Preliminary Approval Order certified the following class for purposes of settlement: "All persons to whom Plaintiff contends Defendant successfully sent advertising facsimiles in January 2006." Excluded from the Settlement Class are: (1) Defendant, Erie, any parent, subsidiary, affiliate, or controlled person of Defendant or Erie, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm; and (3) the judge assigned to the Action and his or her staff.

6. The Preliminary Approval Order also appointed Plaintiff as the Settlement Class Representative and appointed three law firms as Class Counsel: Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC, Brian J. Wanca of Anderson + Wanca, and John Evans of Specter Specter Evans & Manogue, P.C.

### Class Notice

7. Plaintiff submitted the affidavit of Dorothy Sue Merryman to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Settlement Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted reasonable notice, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

8. No members of the Settlement Class filed objections to the settlement.

9. The following person requested exclusion and are hereby excluded from the Settlement Class and this case: St. Barnabas Health System, Inc.

### Class Compensation

10. On Defendant' behalf, Erie has created a settlement fund totaling $250,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay an incentive award to Plaintiff for serving as the Settlement Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses, inclusive of class administrative costs and not to exceed $76,666.67.

11. As the Parties agreed in the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be paid $500.00, subject to a *pro rata* reduction if the claims and other payments approved

herein otherwise would exceed the total Settlement Fund. The Settlement Administrator will cause those checks to be mailed after receiving the funds from Erie.

12.     As agreed between the parties, checks issued to the class members will be void 181 days after issuance. Any money remaining from uncashed checks shall revert back to Erie.

13.     Any unclaimed monies in the Settlement Fund will revert back to Erie. Defendant shall not be responsible for making any payments, except through their insurance with Erie. Erie shall not be responsible for any payments except those provided for in the Settlement Agreement.

### Awards of Incentive Award and Attorneys' Fees and Costs

14.     Pursuant to the Parties' agreement, the Court approves and awards $10,000.00 as an incentive award to named plaintiff Community Vocational Schools of Pittsburgh, Inc., for serving as the Class Representative in this matter. In accordance with the Settlement Agreement, Erie will pay this amount from the Settlement Fund on the Agreement's Effective Date.

15.     Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $83,333.33 (one third of the Settlement Fund) plus expenses, including the cost of claims administration, in the amount of $62,206.50 plus the cost of travel to the final approval hearing. Erie will pay those amounts from the Settlement Fund in accordance with the terms of the Settlement Agreement.

### Dismissal

16.     This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Settlement Class), and without fees or costs except as provided above.

### Other Provisions

17.     This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Settlement Class, Defendant, and Erie to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

18.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

19.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Dated:  October 8, 2019                    IT IS SO ORDERD.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge